UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                Case No: 8:07-cr-9-T-27TGW

JERMAINE MICHAEL JULIAN
_____/

## ORDER

**BEFORE THE COURT** is Defendant Julian's "Motion for Compassionate Release Under 18 U.S.C. 3582." (Dkt. 318). No response is necessary. Upon consideration, the motion is **DENIED**.

Julian stands convicted of conspiracy to obstruct commerce by robbery in violation of 18 U.S.C. § 1951 (Count One); Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count Two); use or carrying a firearm during and in relation to a crime of violence resulting in death in violation of 18 U.S.C. §§ 924(c)(l)(A), 924(j), 1111(a) and 2 (Count Three); conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 84l(b)(l)(B) (Count Four); possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(l)(C) (Count Five); possession with the intent to distribute marijuana in violation of 21 U.S.C. § 84l(b)(l)(D) (Count Six); use or carrying a firearm during and in relation to a drug trafficking offense resulting in death in violation of 18 U.S.C. §§ 924(c)(l)(A), 924(j), 1111 and 2(a) (Count Seven); and possession of a firearm by a convicted felon in violation 18 U.S.C. § 922(g) (Count Eight). (Dkt. 14). Following his appeal, he was re-sentenced to 20 years imprisonment on Count One, 20 years imprisonment on Count Two, consecutive to Count One, life imprisonment on Count Three, concurrent with Count One, 40 years imprisonment on Count Four, consecutive to Counts One and Two, 20 years imprisonment on Count Five, consecutive to Counts One, Two, and Four, 5

1

years imprisonment on Count Six, consecutive to Counts One, Two, Four, and Five, life imprisonment on Count Seven, concurrent with Counts One and Three, and 10 years imprisonment on Count Eight, consecutive to Counts One, Two, Four, Five, and Six. (Dkt. 289). His motion to vacate filed pursuant to 28 U.S.C. § 2255 was denied. (Dkt. 302); 8:16-cv-1906-T-27TGW, ECF: 4 (July 27, 2016).

Julian now seeks a sentence reduction. (Dkt. 318). Specifically, he asks this Court to "convert the term of imprisonment to a stipulated life term of supervision by the U.S. Probation Office with the possibility of termination upon review once every 10 years." (Id. at 25). He asserts that he "is a 38 year old African American male who recently developed a heart condition/disease and is awaiting a specialist consultation." (Id. at 11). He further asserts that he "cannot provide self-care" and contends that "[b]ecause of his age, race, heart condition, and incarceration [he] is under the highest risk of catching COVID-19 and dying from it." (Id. at 13). He further requests the appointment of counsel "to seek expert reports and testimony on the severity of the risk [he] faces from COVID-19" and "to aid [him] in seeking 28 U.S.C. 2255 relief on the legal bases argued in this motion which arise to the level of constitutional errors requiring vacatur outside of 3582 alone." (Id. at 23-25). His requests are due to be denied.[1]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Julian asserts that he "sought compassionate release . . . on

---

[1] To the extent Julian challenges his conviction and sentence, the proper avenue of relief is under 28 U.S.C. § 2255. *See United States v. Abreu*, 840 F. App'x 457, 461 (11th Cir. 2020) (finding that "§ 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues, which a claimant must instead present as a collateral attack on his sentence under 28 U.S.C. § 2255").

2

3-21-2021." (Dkt. 318-2 at 1). However, he does not provide documentation supporting that assertion. Accordingly, he has not shown that he has exhausted his administrative remedies.[2] *See United States v. Rodrigues*, No. 20-12623, 2021 WL 613825, at *2 (11th Cir. Feb. 17, 2021) ("Despite the unique circumstances presented by the COVID-19 pandemic, and contrary to Mr. Rodrigues' argument, defendants are generally required to comply with the exhaustion requirement in § 3582(c)(1)(A)."). Even if he had exhausted his administrative remedies, he has not shown an "extraordinary and compelling reason" warranting compassionate release.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Julian fall within these circumstances. First, although he asserts that he "recently developed a heart condition/disease," he does not provide documentation supporting that assertion. Second, he fails to provide documentation demonstrating that he suffers from a terminal illness or that his conditions substantially diminish

---

[2] Because the motion is due to be denied for failure to identify an extraordinary and compelling circumstance warranting compassionate release, it is unnecessary to determine the United States' position as to exhaustion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

his ability to provide self-care.[3] *See* (Dkt. 318 at 11); U.S.S.G. § 1B1.13, cmt. n.1. To the extent he contends that he "is under the highest risk of catching COVID-19" (Dkt. 318 at 13), courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

Additionally, Julian does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. Moreover, his circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed May 14, 2021). In summary, Julian's reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with the policy statement in § 1B1.13.

To the extent Julian contends that he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, the Eleventh Circuit Court of Appeals has recently rejected that contention. *United States v. Bryant*, No. 19-14267, 2021 WL 1827158, at *2 (11th Cir. May 7, 2021) (concluding that "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). In any event, even if district courts have discretion to independently determine what constitutes an extraordinary and

---

[3] *See, e.g.*, *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition).

compelling reason, Julian has not established a basis to warrant compassionate release. Last, even if extraordinary and compelling reasons exist, the § 3553(a) factors do not weigh in favor of his release.[4]

In sum, Julian's reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. Accordingly, his motion and requests to appoint counsel are **DENIED**.

**DONE AND ORDERED** this 17th day of May, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[4] These factors aid the court in imposing a sentence that is "sufficient but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 181-82 (11th Cir. 2019) (citation omitted). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809, 812 (11th Cir. 2020) (citations omitted). The circumstances of Julian's offense do not weigh in favor of release. The record reflects that a jury found him guilty of, among other crimes, "knowingly using a firearm during and in relation to a drug trafficking crime to kill another with malice aforethought and premeditated intent." (Dkt. 240). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or adequately deter criminal conduct in the future.